UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DISCOVERORG DATA LLC,<br><br>    Plaintiff,<br><br> v.<br><br>NDIVISION SERVICES INC,<br><br>    Defendant. | CASE NO. C19-5508RBL<br><br>ORDER |

THIS MATTER is before the Court on Defendant nDivision Service's Motion to Dismiss for Lack of Personal Jurisdiction [Dkt. # 10]. Plaintiff DiscoverOrg is a Vancouver, Washington-based company that compiles "business intelligence" software (databases, including contact information) and sells access to it, in the form of a license. It also has four other U.S. offices, and three overseas offices.

nDivision is a Dallas, Texas-based provider of "autonomic manages services and end user help desk services," helping its clients to replace human labor with digital. It has no employees or agents who live or work in Washington. It has done work with a limited number of national clients that have stores or some presence in Washington, and it worked with a Washington-based law firm as a client (unrelated to this case).

A non-party nDivision employ (Mario Tanchez) previously worked for a different Texas company which was licensed to access DiscoverOrg's data. Tanchez used his old password to access DiscoverOrg's data while he was employed by nDivision. nDivision claims the employee did so from his home, without its knowledge, and that the unauthorized access did not lead to any sales. DiscoverOrg claims the employee stole access to 64,000 files in its database.

DiscoverOrg sued, claiming that nDivision is liable for its employee's unlawful access and theft of data through its online interface. It asserted eight state law and one federal law claims, including claims related to trade secrets. [Dkt. # 1].

nDivision moves to dismiss for lack of personal jurisdiction, arguing that this court does not have general or specific jurisdiction over it. As is usually the case, the real contested issue is specific jurisdiction.

**A. Standard.**

When a defendant moves to dismiss a complaint for lack of personal jurisdiction, the plaintiff bears the initial burden of demonstrating that jurisdiction is appropriate, after which the burden shifts to the defendant to demonstrate that jurisdiction is unreasonable. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). A plaintiff cannot simply rest on the bare allegations of its complaint, but rather is obligated to come forward with facts, by affidavit or otherwise, supporting personal jurisdiction. *Amba Marketing Systems, Inc. v. Jobar International, Inc.*, 551 F.2d 784, 787 (9th Cir. 1977). Where the motion is based on written materials rather than an evidentiary hearing, the plaintiff need only make a prima facie showing of jurisdictional facts. *Schwarzenegger*, 374 F.3d at 800. A prima facie showing means that the plaintiff has produced admissible evidence, which, if believed, is sufficient to establish the existence of personal jurisdiction. *Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995). "Conflicts between parties over statements contained in affidavits must be resolved in the

plaintiff's favor." *Schwarzenegger*, 374 F.3d at 800. However, a district court also may order discovery where "pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary." *Laub v. U.S. Dep't of Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003) (quoting *Butcher's Union Local No. 498 v. SDC Inv., Inc.*, 788 F.2d 535, 540 (9th Cir.1986)).

A court's personal jurisdiction analysis begins with the "long-arm" statute of the state in which the court sits. *Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co.*, 284 F.3d 1114, 1123 (9th Cir. 2002). Washington's long-arm statute extends the court's personal jurisdiction to the broadest reach that the United States Constitution permits, so the jurisdictional analysis under state law and federal due process are the same. *Byron Nelson Co. v. Orchard Management Corp.*, 95 Wn.App. 462, 465 (1999); *Schwarzenegger*, 374 F.3d at 800–01.

Personal jurisdiction exists in two forms: general and specific. *Dole Food Co. v. Watts,* 303 F.3d 1104, 1111 (9th Cir.2002). For specific jurisdiction, which is at issue here, the Ninth Circuit applies a three-prong test. *Schwarzenegger*, 374 F.3d at 802. First, "[t]he non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws." *Id*. Second, "the claim must be one which arises out of or relates to the defendant's forum-related activities." *Id*. Finally, "the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable." *Id*.

For the first prong, the "purposeful direction" analysis typically applies in tort cases and "usually consists of evidence of the defendant's actions outside the forum state that are directed at the forum, such as the distribution in the forum state of goods originating elsewhere." *Id*. at

803. To determine if the defendant purposefully directed activities at the forum, the Ninth Circuit applies the "effects test" from *Calder v. Jones*, 465 U.S. 783 (1984). Under this test, "the defendant allegedly must have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1228 (9th Cir. 2011) (quoting *Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1128 (9th Cir. 2010)).

In cases involving online commerce, the Ninth Circuit has held that simply maintaining a passive website is not enough to satisfy the express aiming prong. *Id*. at 1229. But "a passive website in conjunction with 'something more'—conduct directly targeting the forum—is sufficient." *Id*. (quoting *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1020 (9th Cir. 2002)). Knowingly taking advantage of the forum state's consumer market, *id*. at 1230, or competing directly with the plaintiff in the forum state may qualify as "something more." *See CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1077 (9th Cir. 2011). However, it is not enough that the defendant merely infringed on the plaintiff's intellectual property rights while knowing of the plaintiff's location in the forum state. *Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1070 (9th Cir. 2017).

**B. Discussion.**

nDivision argues that DiscoverOrg's conclusory claims about tortious acts "committed in Washington" and its claim that" nDivision directs its products and services through the stream of commerce into Washington" are not enough to establish specific personal jurisdiction. It argues that it has no connection with Washington; even the servers upon which DiscoverOrg's files are stored are located outside of Washington. It argues that the fact the harm may have been suffered in Washington is not by itself enough, where the employee had no knowledge that he was stealing information from Washington. It disputes that the harm was felt in Washington any

more than it was felt in any of DiscoverOrg's other offices or "HQs." It also argues that sending an email to a Washington recipient is "too attenuated and isolated" to support jurisdiction; the foreseeability of in jury in a forum is not by itself a "sufficient benchmark" for asserting jurisdiction. *Citing Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 19068 (9th Cir. 2017).

nDivision claims that, as was true in *DiscoverOrg v. Timlin,* 2018 WL 3240958 (W.D. Wash., July 3, 2018), DiscoverOrg has failed to make the requisite showing of sufficient contact between the defendant and the forum under *Calder* to support the exercise of personal jurisdiction.

DiscoverOrg argues that it has the first two *Schwarzenegger* inquiries, and that nDivision has failed to demonstrate that the exercise of jurisdiction over it in these circumstances would be unreasonable. It argues that one engaging in virtual theft of its data in Washington is as much subject to jurisdiction here as one who physically broke into DiscoverOrg's Vancouver office for the same purpose: "Whether tortious conduct is committed via the internet or in more traditional means, does not change the inquiry of the location where Defendants purposely aimed their alleged cyberactivity." Dkt. 13 at 9, *citing Christie v. National Institute for Newman Studies*, 258 F. Supp. 3d 494, 500 (D.N.J. 2017). And it argues that in *Christie* the fact that the plaintiff's servers were actually in California did not mean that the hacker did not purposefully direct its tortious actions toward New Jersey. The crucial question, it argues, is "whether nDivision purposefully directed its tortious actions at forum state residents, regardless of the server's actual location." So long as the defendant knows, or should know, where the plaintiff victim resides, it cannot be fairly argued that the defendant's activity is "aimlessly" targeted into cyberspace. *Christie* 258 F. Supp. 3d at 506-7.

DiscoverOrg also argues that the Ninth Circuit recently reversed a district court's order dismissing for lack of personal jurisdiction in a similar case, *DEX Systems, Inc. v. Deutsche Post AG*, 727 F. App'x 276, 278 (Mar 13, 2018) (unpublished). The Ninth Circuit held that "while the defendant certainly had limited contacts with California, its contacts include the allegedly tortious conduct in California that gave rise to DEX's claims." It claims that in *DEX*, and here, the defendant's virtual contacts with the forum state are enough to establish specific personal jurisdiction.

nDivision responds, persuasively, that there has been no showing whatsoever that Tanchez "knew or should have known" that any injury resulting from his unauthorized access of DiscoverOrg's database would be felt in Washington. DiscoverOrg's website makes no mention of Vancouver or Washington; it instead has a list of eight offices and a 1-800 phone number. Tanchez claims he had no knowledge of DiscoverOrg's location when he used his old password, and while it can be inferred that he intended to damage or cheat DiscoverOrg, there is no showing and no reasonable inference that he intended to direct his illicit activities toward Washington. Absent such a showing, it is not reasonable to exercise personal jurisdiction over nDivision.

The Motion to Dismiss for Lack of Personal Jurisdiction is GRANTED and this case is DISMISSED without prejudice to re-file in the proper forum (presumably Texas).

IT IS SO ORDERED.

Dated this 2nd day of October, 2019.

Ronald B. Leighton
United States District Judge