UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DISCOVERORG DATA LLC,<br><br>            Plaintiff,<br><br>  v.<br><br>NDIVISION SERVICES INC,<br><br>            Defendant. | CASE NO. C19-5508RBL<br><br>ORDER |

THIS MATTER is before the Court on Defendant nDivision's Motion [Dkt. # 29] for attorneys' fees under RCW 4.28.185(5), following its successful Motion to Dismiss for lack of personal jurisdiction [Dkt. #s 10 and 27]. It seeks $17,430. nDivision argues that DiscoverOrg has engaged in a tactic of suing out of state defendants here, without regard to the merits of its jurisdictional claims.

DiscoverOrg argues that it had a credible, good faith basis for filing here, and points out that the law surrounding personal jurisdiction in internet cases remains "unsettled" and conflicting. It points to cases interpreting *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797 (9th Cir. 2004) for the proposition that virtual data theft is tantamount to a physical theft, from the plaintiff's place of business in the plaintiff's forum. *See DEX Systems, Inc., v. Deutsche*

*Post AG*, 727 F App'x 276 (Mar 13, 2018). DiscoverOrg also correctly points out that it has successfully asserted its jurisdictional theories in this district in similar cases.

The parties agree that the matter is addressed to the Court's discretion. In evaluating a motion for fees under RCW 4.28.185(5), the Court should balance the twin aims of the statute: (1) compensating an out-of-state defendant for its reasonable efforts to contest jurisdiction and avoid harassment; and (2) encouraging the full exercise of state jurisdiction. *Scott Fetzer Co. v. Weeks*, 122 Wash.2d 141, 149 (1993) (*Fetzer II*); *Scott Fetzer Co., Kirby Co. Div. v. Weeks*, 114 Wash.2d 109, 122 n.6 (1990) (*Fetzer I*). The Court's discretion to deny a motion for attorneys' fees "is particularly broad when the circumstances of a case fall outside the heartland of RCW 4.28.185(5)[s] purpose" of deterring frivolous, unfair, or unjust litigation in Washington. *Johnson v. Venzon*, Case No. C12-895RSL, 2012 WL 3778877, at *5–6 (W.D. Wash. Aug. 30, 2012). These principles "serve to ensure that otherwise valid claims are not abandoned merely out of fear of the possibility of fee shifting." *Id.*

The Court is not at all convinced that DiscoverOrg's filing here amounts to the sort of "misconduct" that the discretionary fee-shifting mechanism is designed to dissuade. The victim of the data theft is not "harassing" the out of state defendant by seeking to recover the value of what was stolen, even if it filed in the wrong court.

The Motion for Fees [Dkt. # 29] is DENIED and the case remains closed.

IT IS SO ORDERED.

Dated this 26th day of December, 2019.

Ronald B. Leighton
United States District Judge